**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**
**AT OMAHA, NEBRASKA**

JOHN BALLINGER,
Plaintiff,

-vs- Case No.

MATTHEW MARK GUSTAFSON and KSMG, LLC,
Defendants.

(Personal Injury – Negligence)

**COMPLAINT**

COMES NOW Plaintiff, by and through counsel, Tony L. Atterbury of the Bull Attorneys, P.A. and for Plaintiff's claims against the Defendants, alleges and states:

1. Plaintiff is a resident and citizen of Montgomery County, Kansas.
2. Defendant KSMG, LLC is a foreign corporation incorporated in the State of Michigan and is a trucking company doing business as KSMG, LLC with DOT registered vehicles and a principal place of business located at 3015 Norris Ave Cleveland, Cuyahoga County, Ohio 44134.
3. Defendant driver, Matthew Mark Gustafson ("Gustafson") is a resident and citizen of the State of Michigan and may be served at his residence at 9276 Marie St. Livonia, Wayne County, Michigan and may be served at that location.
4. Upon information and belief, Defendant KSMG, LLC is a single member LLC with its sole owner being Soso Ochijava.
5. Soso Ochijava is an individual and citizen of the State of Ohio residing at 3015 Norris Ave. Cleveland, Cuyahoga County, Ohio 44134.

6. Plaintiff is a resident and citizen of Montgomery County, Kansas. No Defendant is a resident or citizen from the State of Kansas. All Defendants are residents and citizens of the State of Michigan or Ohio. Additionally, the sole member of Defendant KSMG, LLC is also a citizen and resident of the State of Ohio. Plaintiff asserts claims against the Defendants for recovery of an amount in excess of $75,000.00, exclusive of interests and costs. Thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).
7. The accident giving rise to Plaintiff's Complaint occurred in Keith County, Nebraska which is within this judicial district. Thus, venue is proper pursuant to 28 U.S.C. § 1332(b)(2).
8. Defendant Gustafson, was hired, qualified, supervised, and trained by his employer, Defendant, KSMG, LLC.
9. At all times herein relevant Defendant Gustafson, was acting within the course and scope of his employment with, Defendant KSMG, LLC. Therefore, his actions and omissions as alleged herein were the actions and omissions of his employer, Defendant KSMG, LLC, under the doctrines of Respondeat Superior and Vicarious Liability.
10. At all times herein relevant Defendant KSMG, LLC, operated as a motor carrier by authority of the United States Department of Transportation under D.O.T. number 3283287.
11. On or about the 4th day of June 2021, Plaintiff was traveling west on I-80 in Keith County, Ogallala, Nebraska towing a boat near a construction zone and began to slow when Defendant Gustafson, who was acting in scope of his employment for Defendant KSMG LLC, rear-ended Plaintiff's boat and trailer, proximately causing the accident, injuries and damages to Plaintiff.
12. At the above-mentioned time and place, the commercial motor vehicle owned and/or operated and leased by Defendants KSMG, LLC, and Gustafson that collided with Plaintiff's vehicle was dispatched, supervised, maintained, monitored, operated, and controlled by the department

of operations, or the fleet management of Defendant KSMG, LLC.

13. At all times herein relevant, Defendant KSMG, LLC, was operating a fleet of motor vehicles, trucks and other vehicles as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

14. At all times herein relevant, Defendant KSMG, LLC and its Driver, Defendant Gustafson, operated under authority granted by the United States Department of Transportation (DOT) under their respective DOT licenses.

15. 49 C.F.R. § 390.3(e) (1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

16. 49 C.F.R. § 390.4 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier which includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

17. Defendant KSMG, LLC, and its driver, Defendant Gustafson, were at all material times a "motor carrier" and an "employer" of its driver as defined as defined in 49 C.F.R. § 382.107.

18. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

19. 49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities." Defendant KSMG, LLC, and its driver, Defendant Gustafson, negligently and wantonly failed to provide safe and adequate service which proximately caused painful injuries and damages to the Plaintiff.

20. The FMCSR can be found at 49 C.F.R. § 390 *et seq.* The FMCSR and the MCA, specifically, under the section 49 C.F.R. § 391.1(a) states "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles as, for, or on behalf of motor

carriers. The rules in this part **also establish minimum duties of motor carriers with respect to the qualifications of their drivers.”** The FMCSR set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

**COUNT I**
**THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS SET FORTH THE APPLICABLE MINIMUM INDUSTRY STANDARD OF CARE TO ESTABLISH NEGLIGENCE, LACK OF CARE, RECKLESS AND WANTON CONDUCT**

21. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty (20) above as if though fully set forth herein.

22. The allegations contained in this Complaint regarding the Federal Motor Carrier Safety Regulations (FMCSR) are set forth herein to establish that Defendants KSMG, LLC and Gustafson, did not comply with the industry standard of care and the minimum standards of care described under the FMCSR to establish the negligence of Defendants and are not brought to allege a private cause of action for violation of the FMCSR.

23. The actions and omissions of Defendant Gustafson are the acts and omissions of his employer, Defendant KSMG, LLC, under the doctrines of Respondeat Superior and Vicarious Liability and, upon information and belief, are negligent, careless, and wanton and include, but are not limited to:

A. Following too closely;

B. Inattentive operation of a commercial motor vehicle;

C. Failure to keep a proper lookout;

D. Failure to exercise ordinary and reasonable care;

E. Failure to warn;

F. Operation of a motor vehicle without first ascertaining that movement can be

safely made;

G. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399;

H. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while the driver's ability or alertness is impaired;

I. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation;

J. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.113 by operating a fleet vehicle and commercial motor vehicle when the driver does not possess and demonstrate the safe driving skills required by this regulation;

K. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by operating a fleet vehicle and commercial motor vehicle without having sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers;

L. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110 by operation of a fleet vehicle and commercial motor vehicle without the knowledge and skills necessary to operate the same safely;

M. Failure to meet the minimum duties and industry standards set forth under 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR;

N. Failure to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110, 49 C.F.R. § 383.112, 49 C.F.R. 383.113 by failing to have adequate safety management controls in place that would require and provide that the driver had the required skills safety management controls required under this regulation;

O. Upon information and belief, Defendant KSMG, LLC is failing to meet the minimum duties and industry standards of care set forth under Form OP-1 which is the "Application for Motor Property Carrier and Broker Authority" which arises from OMB 2126-0016. This form requires under paragraph 30., "**APPLICANTS SUBJECT TO FEDERAL MOTOR CARRIER SAFETY REGULATIONS**. *If you will operate vehicles of more than 10,000 pounds GVWR and are, thus, subject to pertinent portions of the USDOT's Federal Motor Carrier Safety Regulations (FMCSRs) at 49 CFR, Chapter 3, Subchapter B (Parts 350-399), you must certify as follows:* Applicant has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial vehicles and the safe transportation of hazardous materials, and will comply with these regulations. In so certifying, applicant is verifying that, at a minimum, it: (1) Has in place a system and an individual responsible for ensuring overall compliance with FMCSRs. (2) Can produce a copy of the FMCSRs and the Hazardous Materials Transportation Regulations. (3)

Has in place a driver safety training/orientation program. (4) Has prepared and maintains an accident register (49 CFR 390.15). (5) Is familiar with DOT regulations governing driver qualifications and has in place a system for overseeing driver qualification requirements (49 CFR 391). (6) Has in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance (49 CFR 392, 395, and 396). (7) Is familiar with, and will have in place on the appropriate effective date, a system for complying with USDOT regulations governing alcohol and controlled substances testing requirements (49 CFR 382 and 40)."

P. Upon information and belief, using a cellular phone device, wireless communication device or other PDA device while operating a motor vehicle and talking, texting or looking at GPS directions, causing Defendant driver to be distracted in violation of 49 C.F.R. § 383, 384, 390, 391 and 392;

Q. Upon information and belief, Defendant Gustafson, did not discontinue operation of the Commercial Motor Vehicle due to on-time requirements and penalties imposed by his employer, Defendant KSMG, LLC;

R. For other actions and omissions that will be supplemented after the receipt of full and complete discovery in this case.

**COUNT II**
**NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIMS**

24. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-three (23) above as if though fully set forth herein;

25. Upon information and belief, Defendant KSMG, LLC and, was negligent, careless, wanton and reckless for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11 and 49 C.F.R. § 391.21, 49 C.F.R. § 391.23 by failing to make appropriate investigation and inquiries of the driver, Defendant Gustafson's, background in the prior ten (10) year period and by failing to obtain the federally required information on the application for employment of their driver, Defendant Gustafson, with appropriate ten (10) year background checks, criminal history checks and obtaining actual responses from prior employers;

26. Upon information and belief, Defendant KSMG, LLC, was negligent for failing to immediately terminate, suspend, or reprimand its driver, Defendant Gustafson;

27. Upon information and belief, Defendant KSMG, LLC, was negligent for failing to retrain its driver, Defendant Gustafson, in defensive driving skills, hazard perception skills and accident avoidance techniques;

28. Upon information and belief, Defendant KSMG, LLC, was negligent for failing to conduct a post-accident preventability study;

29. Defendant KSMG, LLC, was negligent, careless, wanton and reckless for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.31 by failing to road test its driver, Defendant Gustafson, properly;

30. Defendant KSMG, LLC's, actions and omissions in hiring its driver, Defendant Gustafson, establish negligent hiring, retention, supervision, and training of the driver and supervisory

managers above the driver;

31. Defendant KSMG, LLC's, and its respective agents, employees and representatives were careless, negligent and wanton for negligent hiring, training, supervision, and retention of Defendant Gustafson, and his supervisory personnel. Defendant KSMG, LLC, negligently and/or wantonly hired unfit employees and agents and then failed to train, supervise, and monitor them properly and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, Defendant Gustafson, and his supervisory personnel. Defendant KSMG, LLC, had a duty to use reasonable care in selecting and retaining its employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining its employees, agents, and independent contractors, including, but not limited to its driver, Defendant Gustafson. Defendant KSMG, LLC, negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of its employees and agents, including, but not limited to driver, Defendant Gustafson. Defendant KSMG, LLC, knew or reasonably should have known that it was not hiring safe and competent employees and agents and negligently and wantonly violated its duty to hire only safe and competent employees. Defendant KSMG, LLC, knew or reasonably should have known that its employees and agents, including, but not limited to its driver, Defendant Gustafson, created an undue risk of harm to the Plaintiff and negligently and wantonly failed to reprimand, retrain, or terminate its employees, agents, and independent contractors, including the driver, Defendant Gustafson, and his supervisory personnel;

32. Defendant KSMG, LLC's, hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors including the driver,

Defendant Gustafson, and his supervisory personnel proximately caused the Plaintiff's injuries.

33. Defendant KSMG, LLC, failed to create and implement a proper safety program that would require its driver, Defendant Gustafson, to be adequately tested in written form to determine that he had appropriate defensive driving skills;

34. Defendant KSMG, LLC, upon information and belief, failed to test Defendant Gustafson, for alcohol and drug impairment after this crash.

35. Defendant KSMG, LLC has a pattern and history of failing to comply with safety regulations. A copy of excerpts from the Department of Transportation's Safety Measurement System (SMS) website, attached as **Exhibit A**, show that this Defendant has a Driver Out-of-Service rating of 100%, which shows complete disregard of safety principles.

36. **Exhibit A** also indicates Defendant KSMG, LLC only has one driver and power unity but drove approximately 360,000 miles in 2019 according to its own form. It would be impossible for any commercial driver to legally drive this many miles and not violate the maximum hours of service limits on numerous occasions as prescribed by law under 49 C.F.R. § 395.1 *et. seq.* **Exhibit A** also shows violations for 49 C.F.R. § 395.8A-ELD for no record of duty status (ELD required) and 49 C.F.R. § 391.11(b)(2) for employing a driver that cannot read or speak the English language sufficiently to respond to official inquires.

**COUNT III**
**RATIFICATION ESTABLISHED BY EXPRESS OR IMPLIED RATIFICATION**

37. Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

38. Upon information and belief Defendant KSMG, LLC has demonstrated a complete disregard for the FMCSRs, BASICs, and general industry standards of care, which proves both its

express and implied ratification of its Driver's, Defendant Gustafson's, violation of these laws and by failing to warn, suspend, terminate or retrain this driver following this crash.

39. Upon information and belief Defendant KSMG, LLC, has ratified all the negligent and reckless conduct of its driver, Defendant Gustafson, that proximately caused this crash either expressly or impliedly. Upon information and belief, Defendant Gustafson, was not reprimanded, suspended, terminated or retrained following this crash.

**COUNT IV**
**INJURIES AND DAMAGES OF THE PLAINTIFF**

40. Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-nine (39) above as if though fully set forth herein.

41. As a further direct and proximate result of the negligent and careless actions and omissions of the Defendants, as aforesaid, Plaintiff, received injuries to his body, including, but not limited to his bilateral knees, cervical spine, thoracic spine, right hip, head (TBI), right shoulder and abdominal pain. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against the Defendants, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #24764
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
tony@bullattorneys.com
*Attorney for Plaintiff*

**DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury of twelve (12) persons in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #24764
*Attorney for Plaintiff*

**DESIGNATION FOR PLACE OF TRIAL**

COMES NOW Plaintiff and designate Omaha, Nebraska as the place for trial in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #24764