IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BALLINGER,<br><br>    Plaintiff,<br><br>  vs.<br><br>MATTHEW MARK GUSTAFSON, and KSMG, LLC,<br><br>    Defendants. | 8:22CV213<br><br>ORDER |

  This matter comes before the Court on the Motions to Strike (Filing No. 10; Filing No. 17) filed Defendants, Matthew Mark Gustafson and KSMG, LLC.[1] Defendants both move the Court for an order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure striking certain paragraphs from Plaintiff's Complaint as immaterial and impertinent, and striking Exhibit A attached to the Complaint as improper. The Court will deny the motions.

## BACKGROUND

  Plaintiff filed this action on June 15, 2022, seeking damages for injuries he sustained in a motor vehicle accident on June 4, 2021. Plaintiff alleges he was towing a boat on I-80 in Ogallala, Nebraska, and was slowing down near a construction zone when Gustafson, who was acting in the course and scope of his employment for KSMG, rear-ended Plaintiff's boat and trailer. Plaintiff seeks damages for physical injuries, past and future pain and suffering, and for permanent disfigurement and disability as a result of the collision. (Filing No. 1).

  Plaintiff asserts a claim for negligence (count I) against Gustafson and his employer, KSMG (through the doctrines of vicarious liability and respondeat superior). Plaintiff alleges Defendants were negligent in several ways, including by following too closely; inattentively operating a commercial motor vehicle; failing to keep a proper lookout; failing to exercise ordinary and reasonable care; failing to comply with the industry standard of care and the minimum standards of care described under the Federal Motor Carrier Safety Regulations ("FMCSR"), among other ways. Plaintiff specifies his allegations regarding the FMCSR are made "to establish that Defendants

---

[1] Gustafson filed his motion to strike on August 18, 2022, prior to KSMG's appearance in this action. KSMG has since obtained the same counsel as Gustafson and filed a nearly identical motion to strike the same paragraphs and Exhibit A for the same reasons. Although KSMG's motion is not technically ripe for disposition, the Court finds it more efficient to address both motions without further delay since they request identical relief.

KSMG, LLC and Gustafson, did not comply with the industry standard of care and the minimum standards of care described under the FMCSR to establish the negligence of Defendants and are not brought to allege a private cause of action for violation of the FMCSR." (Filing No. 1 at pp. 4-7, ¶¶ 1-23).

Plaintiff also asserts a negligent hiring, training, supervision, and retention claim against KSMG (count II), alleging KSMG failed to make appropriate investigation and inquiries into Gustafson's background; failed to terminate, suspend, or reprimand Gustafson; failed to retrain Gustafson in defensive driving skills, hazard perception skills, and accident avoidance techniques; failed to conduct a post-accident preventability study; failed to road test Gustafson; failed to create and implement a proper safety program requiring written testing to determine whether Gustafson had appropriate defensive driving skills; and failed to test Gustafson for alcohol and drug impairment after the crash, among others. Plaintiff alleges KSMG had a duty to use reasonable care in selecting and retaining its employees and independent contractors, and breached that duty. Plaintiff alleges KSMG "has a pattern and history of failing to comply with safety regulations," and attached as "Exhibit A" a copy of excerpts from the U.S. Department of Transportation Federal Motor Carrier Safety Administration's ("FMCSA") Safety Measurement System website, purporting to show KSMG has a "Driver Out-of-Service rating of 100%." Plaintiff alleges Exhibit A also shows KSMG "only has one driver and power unit[] but drove approximately 360,000 miles in 2019" and other violations of federal regulations. (Filing No. 1 at pp. 8-10, ¶¶ 24-36).

Plaintiff asserts an additional claim against KSMG for "ratification" (count III) of Gustafon's negligent and reckless conduct by failing to reprimand, suspend, terminate, or retrain Gustafson following the crash and by demonstrating a complete disregard for federal regulations and the general industry standards of care. (Filing No. 1 at pp. 10-11, ¶¶ 37-39).

Defendants have now filed separate (but mostly identical) motions to strike certain paragraphs from Plaintiff's Complaint and Exhibit A attached to the Complaint. Defendants contend Exhibit A should be stricken as improper because it is not a "written instrument" and lacks authentication, foundation, and is hearsay. (Filing No. 11 at pp. 2-3). Defendants move to strike Plaintiff's allegations regarding Defendants' violations of the FMCSR contained in Complaint paragraphs 18-20, 22-23, 25, 29, 36, and 38, arguing those allegations are immaterial and impertinent because Plaintiff has no private right of action under the FMCSR. (Filing No. 11 at pp. 3-4). Finally, Defendants seek to strike Plaintiff's allegations regarding KSMG's post-collision conduct contained in Complaint paragraphs 26, 27, 28, 34, and 38-39, arguing those allegations are

immaterial and impertinent because such evidence is inadmissible to show antecedent negligent conduct. (Filing No. 11 at p. 5).

## ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001)). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.* (citing *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "[T]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Williams v. Averitt Express*, No. 8:15CV464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016). "Motions to strike are often considered 'time wasters,' and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1194 (D. Neb. 2015) (citations omitted). Accordingly, a motion to strike under Rule 12(f) will not be granted "in the absence of some showing of prejudicial harm" to the movant. *Oglesby v. Lesan*, No. 4:16CV3189, 2017 WL 2345666, at *2 (D. Neb. May 30, 2017), *aff'd*, No. 4:16CV3189, 2017 WL 2881128 (D. Neb. July 6, 2017) (citing *Vernor's Ginger Ale Bottling Corp. v. Hires-Ideal Bottling Co.*, 8 F.R.D. 240, 241-42 (D. Neb. 1948)).

### A. Defendants' motion to strike Exhibit A

Defendants move to strike Exhibit A attached to the Complaint because it lacks authentication, foundation, and is hearsay. Because this case is still in the early pleadings stage, Defendants' arguments regarding the admissibility of the attachment are premature. See, e.g., *Hanley v. Volpe*, 305 F. Supp. 977, 980-81 (E.D. Wis. 1969) ("[E]xhibits attached to the complaint should be regarded as allegations which plaintiffs may properly incorporate by reference into their complaint. The challenge that they are hearsay evidence is not ripe for decision until an offer has been made to introduce the challenged material as evidence."). The parties will have a full opportunity to exchange discovery requests, interrogatories, and request for admission, and at a much later date, argue over what evidence is or is not admissible in this case.

3

Defendants also move to strike Exhibit A because it is not an operable "written instrument" under Fed. R. Civ. P. 10(c), such as a contract, check, letter, or affidavit, citing to a handful of out-of-district cases to support that claim. (Filing No. 11 at p. 2). Rule 10(c) provides, "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). While some courts take a narrow view of what constitutes a "written instrument," other courts, including the Eighth Circuit Court of Appeals, treat Rule 10(c) more broadly, and generally consider "*materials* attached to the complaint as exhibits" when construing the sufficiency of a complaint on a motion to dismiss. See *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (emphasis added); see also *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1016 (N.D. Iowa 2011) (describing competing views regarding the scope of Rule 10(c)).

Here, Defendants have not filed a motion to dismiss and therefore the Court is not at the stage where it is reviewing the sufficiency of the complaint or determining the effect of the attachment in the context of a Rule 12(b) motion. Instead, Defendants have moved to strike Exhibit A under Rule 12(f), which only provides that a Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Exhibit A is not redundant, immaterial, impertinent, or scandalous. Exhibit A appears to be a "company snapshot" of KSMG's safety record and its BASIC status from the Federal Motor Carrier Safety Administration (FMCSA) website. The FMCSA "uses BASIC scores to rate motor carriers in a variety of categories, including crashes, driver fitness, hours of service, and unsafe driving." *Carter v. Khayrullaev, et al.*, No. 4:20-CV-00670-AGF, 2022 WL 9922419, at *5 (E.D. Mo. Oct. 17, 2022). Although the FMCSA "warns that BASIC scores do not provide ultimate conclusions about a carrier's overall safety," courts have found circumstances under which a plaintiff can raise the question to the jury as to whether a motor carrier's failure to select a driver with higher BASIC scores was a proximate cause of a collision, see *id.*, or to permit a jury to consider low scores and out-of-service violations as evidence in a negligent hiring/selection claim, see *Scott v. Milosevic*, 372 F. Supp. 3d 758, 768 (N.D. Iowa 2019). In this case, Plaintiff has asserted claims against KSMG regarding its negligent hiring, training, supervision, and retention, and overall safety practices, and Exhibit A certainly relates to that claim. See *Infogroup*, 95 F. Supp. 3d at 1194 (motion to strike should be denied unless the challenged matter has "no possible relation or logical connection to the subject matter of the controversy."). Defendants also have not shown how Exhibit A causes them

4

prejudicial harm. See *Oglesby*, No. 4:16CV3189, 2017 WL 2345666 at *2. Accordingly, the Court will deny Defendants' motion to strike Exhibit A from the Complaint.

### B. Defendants' motion to strike allegations regarding violations of Federal Motor Carrier Safety Regulations

Defendants also move to strike Plaintiff's allegations contained in Complaint paragraphs 18-20, 22-23, 25, 29, 36, and 38 regarding Defendants' alleged violations of the FMCSR because the FMCSR does not provide a private cause of action. Defendants therefore contend all references to the FMCSR are impertinent and immaterial. But, contrary to Defendants' assertions, Plaintiff's Complaint does not attempt to state a claim for relief under the FMSCR and does not allege a violation of any federal regulations as a cause of action in its own right. Instead, Plaintiff's Complaint merely alleges violations of federal regulations as an element of state law causes of action. Under Nebraska law, "the violation of a regulation or statute is not negligence per se, but may be evidence of negligence to be considered with all the other evidence in the case." *Scheele v. Rains*, 874 N.W.2d 867, 872 (Neb. 2016). Violations of the FMCSR can be considered together with other evidence of negligence at trial for personal injury claims arising out of a motor vehicle accident. See *id.* at 873; see also, *Hejnal v. U.S. Xpress, Inc.,* No. 4:17-CV-2557 CAS, 2018 WL 534376, at *7 (E.D. Mo. Jan. 24, 2018) (denying motion to strike the plaintiff's references to the FMSCR in connection with his allegations of negligence in an action for personal injuries arising out of a motor vehicle accident). And, Plaintiff specifically states in his Complaint that his allegations regarding the FMCSR are made "to establish that Defendants . . . did not comply with the industry standard of care and the minimum standards of care described under the FMCSR to establish the negligence of Defendants *and are not brought to allege a private cause of action for violation of the FMCSR*." (Filing No. 1 at pp. 4-7, ¶¶ 1-23) (emphasis added). As such, Plaintiff's allegations are not impertinent or immaterial. Defendants also have not attempted to show how these paragraphs cause them prejudicial harm. Therefore, the Court will deny Defendants' motion to strike paragraphs containing Plaintiff's references to Defendants' alleged violations of the FMSCR.

### C. Defendants' motion to strike allegations regarding KSMG's post-collision conduct

Finally, Defendants move to strike Plaintiff's allegations contained in Complaint paragraphs 26, 27, 28, 34, and 38-39 regarding KSMG's post-collision conduct because subsequent measures

5

are not admissible to prove earlier negligent and culpable conduct. (Filing No. 11 at p. 5). Defendants are correct that Rule 407 of the Federal Rules of Evidence provides that evidence of subsequent remedial measures are not admissible to prove prior negligence or culpable conduct, see Fed. R. Evid. 407, but Rule 407 has no applicability here. Plaintiff does not allege that KSMG took remedial action after the accident and those remedial actions show antecedent negligent conduct (indeed, Plaintiff alleges that KSMG failed to take *any* remedial actions post-accident). Instead, Plaintiff has asserted separate claims against KSMG arising out of its alleged failure to adequately train and supervise its drivers, and KSMG's negligent retention of unsafe drivers. Plaintiff's allegations regarding KSMG's failure to make appropriate investigation and inquiries into Gustafson's background; failure to terminate, suspend, or reprimand Gustafson; failure to conduct a post-accident preventability study, failure to test Gustafson for alcohol and drug impairment, and the like, all have a logical connection to Plaintiff's separate claims for negligence against KSMG. And again, at this stage of the proceedings, the Court is not concerned with what evidence will be admissible on any of Plaintiff's claims, but instead with whether Defendants have demonstrated the challenged paragraphs are redundant, immaterial, impertinent, or scandalous—which Defendants have not done.

In sum, Defendants have failed to show that any of the challenged paragraphs or Exhibit A are redundant, immaterial, impertinent, or scandalous, and have failed to show harmful prejudice. Considering that motions to strike a party's pleading are "an extreme and disfavored measure," and given the Court's liberal discretion in ruling on motions to strike, the Court finds Defendants' motions should be denied in their entirety. Accordingly,

**IT IS ORDERED:**

1. Defendants' Motions to Strike (Filing No. 10; Filing No. 17) are denied.
2. The deadline for Defendants to file an answer or other responsive pleading to the Complaint is **November 2, 2022**.

Dated this 19th day of October, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge